[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant rented office space in the plaintiff's building between 1989 and 1993. The plaintiff brings this action claiming that the defendant owes the plaintiff $4,600.00 in unpaid rents for the years 1991 and 1992. The defendant claims that he owes only $1,000.00.
The plaintiff's principal claimed that the parties agreed that the defendant could set-off against its rent payments monies expended for certain improvements to the premises, up to $1,200.00. This is corroborated by his letter to the defendant's principal dated July 11, 1991. The defendant claims that it was permitted to set-off all improvements against rent payments and that there was no limit on the amount of improvements that could be made.
While defendant's position seems less tenable, both principals appeared sincere. To say that the case devolves into a question of credibility is imprecise. Rather, the central issue devolves into a question of perceptions and personalities.
The plaintiff's principal is a lawyer. He and the defendant's CT Page 10065 principal were on friendly terms. In fact, according to the defendant they still are friendly! The plaintiff's principal, however, is more cautious and measured in his words and actions. To lawyers words matter. They are the tools of the trade.
The defendant's principal is far less precise in his use of words and more informal in his demeanor than the plaintiff's principal. The former is in the oil delivery business.
The court concludes that some words may have been said by and between the parties which could have led the defendant to believe, or to convince himself, that he could offset his rental obligation by the cost of all improvements he made to the premises. However, such was never the plaintiff's intent; there was never such a meeting of minds between the parties. Therefore, this was not their agreement, despite the defendant's belief to the contrary. Berlingov. Sterling Ocean House Inc., 5 Conn. App. 302, 307 (1985); Welkv. Bidwell, 136 Conn. 603, 607 (1950); Webb v. Ambler,145 Conn. 640, 647 (1965); Bridgeport v. Barbour-Daniel Electronics,Inc., 16 Conn. App. 574 (1988). For this reason, judgment may enter for the plaintiff on the complaint in the amount of $4,600.00 plus taxable costs. Judgment may enter for the plaintiff on the counterclaim.
BY THE COURT
Bruce L. LevinJudge of the Superior Court